# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **721 BOURBON, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9069-WBV-MBN** |
| **WILLIE'S CHICKEN SHACK, LLC, ET AL.** | **SECTION D(5)** |

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses (R. Doc. 15),[1] Plaintiff's Motion to Dismiss for Failure to State a Claim (R. Doc. 16),[2] and Defendants' Motion for Leave to File Supplemental Memorandum in Support of Opposition to Plaintiff's Rule 12(b)(6) Motion to Dismiss Antitrust Counterclaims (R. Doc. 45).[3]

I.  Factual Background

This is a trademark infringement case. The plaintiff ("721 Bourbon, Inc. d/b/a Tropical Isle") claims that it was forced to file this lawsuit in April 2019 as a last

---

[1] This motion is opposed. *See* R. Doc. 21. The plaintiff filed a reply brief. *See* R. Doc. 33.
[2] This motion is opposed. *See* R. Doc. 22. The plaintiff filed a reply brief. *See* R. Doc. 35.
[3] This motion is opposed. *See* R. Doc. 48.

resort because the defendants refused to stop selling cocktails in a souvenir yard cup that the plaintiff claims mimics the federally registered trade dress design of Tropical Isle's distinctive, green, souvenir yard cup.[4] The defendants answered the plaintiff's complaint with numerous affirmative defenses and antitrust and anticompetition counterclaims.[5] The plaintiff's complaint brings four claims against the defendants: federal trademark infringement; federal unfair competition; state trademark dilution; and state unfair trade practices.

II. Legal Standard and Analysis

The plaintiff seeks to strike the defendants' affirmative defenses and dismiss Counts IV, V, and VI of the defendants' counterclaims.[6]

*A. Striking Affirmative Defenses*

A court may strike any defense that is insufficient, redundant, immaterial, impertinent, or scandalous either on its own motion, or on motion by a party.[7] "A motion to strike is appropriate when the allegations are prejudicial to the opposing party or immaterial to the lawsuit. An allegation is immaterial to the lawsuit when the challenged allegations do not bear on the subject matter of the litigation."[8] The Fifth Circuit provides that "[a]n affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be

---

[4] *See* R. Doc. 16-1, p. 2.
[5] *See* R. Doc. 12.
[6] *See* R. Docs. 15, 16.
[7] *See* Fed. R. Civ. P. 12(f); *see also Schlesinger v. Hasco Thibodaux, LLC,* 2014 WL 527657, at *1 (E.D. La. Feb. 7, 2014).
[8] *Schlesinger,* 2014 WL 527657, at *1 (internal citations omitted).

proved in support of the defense."⁹ Whether an affirmative defense is insufficient depends on "the nature of the claim for relief and the defense in question."¹⁰ A motion to strike an affirmative defense is generally disfavored.¹¹ In deciding a motion to strike, the Court considers whether the affirmative defenses asserted by the defendant are sufficient as a matter of law.¹² The Court considers whether the defenses are applicable and whether they are sufficiently pled as to give the plaintiff fair notice: "a defendant . . . must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."¹³ The requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."¹⁴

Plaintiff argues that the second, third, fourth, sixth, ninth, twelfth, and seventeenth affirmative defenses are actually negative arguments against elements of trademark infringement, which the plaintiff bears the burden of proving at trial.¹⁵ After careful consideration of the parties' memoranda, the Court strikes as redundant the second, third, fourth, sixth, thirteenth, and fourteenth affirmative defenses. Because the Court grants the plaintiff's motion to dismiss Counts IV, V, and VI of the

---

⁹ *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980).
¹⁰ *Id.*
¹¹ *See Acadian Diagnostic Laboratories, LLC v. Quality Toxicology, LLC*, 2017 WL 9439103, at *4 (M.D. La. Nov. 17, 2017).
¹² *See id.*
¹³ *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *see Acadian Diagnostic Laboratories, LLC*, 2017 WL 9439103, at *4.
¹⁴ *Id.* (internal citation and quotation marks omitted).
¹⁵ Elements of a trademark infringement claim is (1) the mark the plaintiff seeks to protect is eligible for protections; (2) the plaintiff is the senior user; and (3) there is a likelihood of confusion between the plaintiff's mark and the defendant's mark. *See Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 844 (5th Cir. 1990).

defendants' counterclaims, discussed below, the tenth and eleventh affirmative defenses fail and are hereby stricken. The affirmative defenses that are not stricken as detailed in this Order remain.

  *B. Dismissing Counterclaims*

The plaintiff seeks to dismiss Counts IV, V, and VI of the defendants' counterclaims. Count IV alleges an antitrust violation under the Sherman Act, attempted monopolization; Count V alleges unfair competition under Louisiana law; and Count VI alleges negligent interference under Louisiana law.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[16] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[19]

---

[16] Fed. R. Civ. P. 12(b)(6).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[18] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678 (quotation marks omitted)).
[19] *Iqbal*, 556 U.S. at 679 (quotation marks omitted).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[20] A court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[21] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[22] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[23]

Under Section 1 of the Sherman Act, "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."[24] For the defendants to prevail on their Section 1 violation counterclaim, they must show that the plaintiff (1) engaged in a conspiracy (2) that produced some anticompetitive effect (3) in the relevant market.[25] The defendants must also show an actual injury and an antitrust injury, meaning the plaintiff's activities caused an injury to competition.[26]

The plaintiff seeks protection under the *Noerr-Pennington* doctrine for Counts IV, V, and VI of the defendants' counterclaims. This doctrine was established by two

---

[20] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[21] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[22] *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (internal citation and quotation marks omitted).
[23] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. App'x. 336, 340-41 (5th Cir. 2011).
[24] 15 U.S.C. § 1.
[25] *See Veritext Corp. v. Bonin*, 2019 WL 4738207, at *3 (E.D. La. Sept. 27, 2019) (internal citation omitted).
[26] *See id.*

Supreme Court cases: *Eastern R.R. Presidents Conference v. Noerr Motor Freight Inc.*, 365 U.S. 127 (1961), and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965). "The essence of the doctrine is that parties who petition the government for governmental action favorable to them cannot be prosecuted under the antitrust laws even though their petitions are motivated by anticompetitive intent."[27] Pre-suit threats to litigate, *i.e.*, cease-and-desist letters, made in good faith are also exempt.[28] The plaintiff argues that the *Noerr-Pennington* doctrine can apply to Counts V and VI, which are brought under the Louisiana Unfair Trade Practices Act ("LUPTA").[29] The Fifth Circuit provides that

> Although the *Noerr–Pennington* doctrine initially arose in the antitrust field, other circuits have expanded it to protect first amendment petitioning of the government from claims brought under federal and state laws, including section 1983 and common-law tortious interference with contractual relations. We find it easy to agree that the same rationale under antitrust law that supports [the defendant's] petitions to the City [of Dallas, another defendant] also serves to protect [the defendant] from the tort claim. There is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim such as antitrust.

*Video Intern. Prod., Inc. v. Warner-Amex Cable Commc'ns., Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988) (internal citations omitted). The Court finds that the same reasoning applies to the defendants' counterclaims under Louisiana law.

---

[27] *Video Intern. Prod., Inc. v. Warner-Amex Cable Commc'ns., Inc.*, 858 F.2d 1075, 1082 (5th Cir. 1988).
[28] *See Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983).
[29] *See* R. Doc. 16-1, citing *Capitol House Preservation Co., L.L.C. v. Perryman Consultants, Inc.*, 47 So. 3d 408 (La. 1 Cir. 2009).

The defendants argue that the plaintiff is not entitled to this immunity. The United States Supreme Court has carved out an antitrust exemption for efforts to influence governmental action through the *Noerr-Pennington* antitrust immunity doctrine.[30] The petitioning of governmental bodies, including judicial bodies,[31] does not qualify for *Noerr-Pennington* immunity "if it is a mere sham to cover an attempt to interfere directly with the business relationships of a competitor."[32] The sham exception applies in this suit if the plaintiff is using litigation as an anticompetitive weapon, rather than genuinely seeking to achieve an intended result.[33]

The Supreme Court has articulated a two-part test for determining whether litigation is a "sham:"

> First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part of the definition a court should focus on whether the baseless suit conceals "an attempt to interfere directly" with a competitor's business relationships, *Noerr*, supra, 365 U.S., at 144, 81 S.Ct., at 533, through the "use [of] the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon[.]" This two-tiered process requires a plaintiff to disprove the challenged lawsuit's legal viability before the court will entertain evidence of the suit's economic viability.

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 50 (1993) (internal citations omitted). "The existence of probable cause to institute legal proceedings precludes a finding that an antitrust defendant has engaged in sham

---

[30] Ann K. Wooster, J.D., *"Sham" Exception to Application of Noerr–Pennington Doctrine, Exempting from Federal Antitrust Laws Joint Efforts to Influence Governmental Action Based on Petitioning Administrative or Judicial Body*, 193 A.L.R. FED. 139 (2004).
[31] *See Gardner v. Clark*, 101 F. Supp. 2d 468, 472 (N.D. Miss. 2000).
[32] *Id.*
[33] *Veritext Corp. v. Bonin*, 2019 WL 4738207, at *5 (E.D. La. Sept. 27, 2019) (internal citations and quotation marks omitted).

litigation."[34] Probable cause in this sense requires no more than a reasonable belief that there is a chance that a claim may be held valid upon adjudication.[35]

The defendants argue that the plaintiff is not entitled to *Noerr-Pennington* immunity because the plaintiff's actions allegedly fall under the "sham" exception: "[The plaintiff's] actions were objectively baseless and subjectively baseless as [the plaintiff] possessed the requisite intent."[36] Having carefully reviewed the relevant law and applicable memoranda, the Court finds that the defendants fail to prove that this litigation is a "sham." The defendants' continued iteration that the plaintiff's actions are objectively baseless does not make them so. Support for this finding includes the fact that the plaintiff owns a registered trademark and has taken steps to protect that trademark—before and by filing this lawsuit. The Court declines to discuss in detail the technical merits of the plaintiff's claims nor is the Court making a determination on whether the plaintiff will succeed at trial. This Order is limited to the Court's finding that this litigation is not a sham and, therefore, the Court dismisses Counts IV, V, and VI of the defendants' counterclaims.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendants' Affirmative Defenses (R. Doc. 15) is GRANTED;

---

[34] *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62 (1993) (internal citations omitted).
[35] *See id.* at 62-63.
[36] R. Doc. 22, p. 7.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss for Failure to State a Claim (R. Doc. 16) is GRANTED;

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Supplemental Memorandum in Support of Opposition to Plaintiff's Rule 12(b)(6) Motion to Dismiss Antitrust Counterclaims (R. Doc. 45) is DENIED.

New Orleans, Louisiana, this the 6th day of February, 2020.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**