# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **721 BOURBON, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9069-WBV-MBN** |
| **WILLIE'S CHICKEN SHACK, LLC, ET AL.** | **SECTION D(5)** |

## ORDER

Before the Court is Defendant's Motion for Reconsideration[1] of this Court's Order and Reasons issued on February 6, 2020, granting Plaintiff's Motion to Dismiss.[2] Plaintiff's Motion for Reconsideration is opposed.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion for Reconsideration is **DENIED.**

### I. FACTUAL BACKGROUND

In light of the fact that trial of this matter is less than one week away, and to promote judicial economy and preserve judicial resources, the Court adopts the Factual Background as written in its February 6, 2020 Order.[4]

---

[1] *See* R. Doc. 138.
[2] *See* R. Doc. 128, granting R. Doc. 16.
[3] *See* R. Doc. 153.
[4] *See* R. Doc. 128.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes a district court to revise any order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[5] Under Rule 54(b), the Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[6] This rule reflects the inherent power of the district court to afford relief from interlocutory judgments as justice requires.[7]

## III. ANALYSIS

Following the issuance of that Order, Defendants filed this Motion for Reconsideration. In its Motion for Reconsideration, Defendants argue that the Court failed to accept Defendants' well-pleaded allegations as true and in the light most favorable to the non-moving party.[8] Defendants further argue that the Court's ruling is inconsistent with a ruling from another court of the Eastern District of Louisiana, which could create inconsistent decisions within the Eastern District.[9] Plaintiffs have filed a Memorandum in Opposition to Defendant's Motion.[10]

---

[5] *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[6] *Id.*, internal quotation marks and citation omitted.
[7] *See id.* at 337.
[8] *See* R. Doc. 138.
[9] *See id.*
[10] *See* R. Doc. 153.

In the February 6, 2020 Order, this Court states that a court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[11] It further states that a court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[12] This was the analysis undertaken by the Court.

In its Motion for Reconsideration, Defendants argue that the Court did not accept all well-pleaded facts as true and, further, that the Motion to Dismiss was erroneously granted. In support of that argument, Defendants offered that another court in the Eastern District has allowed "nearly identical claims" involving Willie's Chicken Shack to survive a motion to dismiss.[13] The Court notes that Defendants did not reference the case it now relies on in support of its Motion for Reconsideration in its original response in Opposition to Plaintiff's Motion to Dismiss even though defense counsel in this action represented the same party in that matter—Aaron Motwani, owner of the Willie's Chicken Shack chain—thus apparently aware of that decision. The Court will not draw any inferences from Defendants' failure to initially bring that case to the Court's attention. Instead, the Court has taken the opportunity to review that Order in an effort to determine whether Defendants' Motion for Reconsideration should be granted. In the pre-trial conference held with counsel in this matter, the Court noted, and Defendants agreed, that an Order from another

---

[11] Citing *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[12] Citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[13] *See* R. Doc. 138, citing *Motwani v. Wet Willies Mgmt. Corp.,* No. CV 17-2060, 2017 WL 3311246, at *6–7 (E.D. La. Aug. 3, 2017).

section of this Court has no controlling authority on this Court. Indeed, a fair reading of the *Motwani* Order[14] highlights factual differences between the two cases. Defendants argue that these Orders may lead to inconsistencies within the Eastern District. Contrary to Defendants' arguments, the Court's ruling will not lead to inconsistent results. The February 6, 2020 Order granting Plaintiff's Motion to Dismiss relied on a correct legal analysis, the same legal analysis relied on by Defendants and, in fact, the same legal analysis relied on in the *Motwani* Order,[15] which Defendants cite in support. Regardless, the possibility of inconsistencies within the Eastern District, alone, is not a sufficient basis to grant Defendant's Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Reconsideration (R. Doc. 138) is DENIED.

New Orleans, Louisiana, March 3, 2020.

**WENDY B. VITTER**
**United States District Judge**

---

[14] *See Motwani*, No. CV 17-2060, 2017 WL 3311246 (E.D. La. Aug. 3, 2017).
[15] *See id*.